UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANIS L. DUNBAR,

                Plaintiff,

-against-

RAASHAWN CASEY *Radio Show Host*;
LENARD MCKELVEY *Radio Show Host*;
JESSICA ROBIN MOORE *Radio Show Host*,

                Defendants.

25-CV-1961 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction against three radio show hosts. By order dated March 17, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who is a resident of New Haven, Connecticut, invokes the court's federal question jurisdiction. In response to the question on the complaint form asking which of her federal constitutional or federal statutory rights were violated, she writes, "Each one of these people paraded my stalker in my face online a radio show several time after my book came out. They played in my face with my stalker." (ECF 1, at 2.)[1] The named Defendants are three radio show hosts who work in New York, New York. (*Id.*)

---

[1] Plaintiff writes using irregular capitalization. All spelling, grammar, and punctuation are as in the original unless otherwise noted.

The following allegations are drawn from the complaint. Plaintiff alleges that Curtis James Jackson, who is professionally known as 50 Cent, is her "stalker." (*Id.* at 3.) According to Plaintiff, Defendants "parad[ed]" Jackson "in [her] face for years knowing her book was out and that his ex girlfriend is a practicing witch." (*Id.* at 5.) Plaintiff continues:

> I told Jessica Moore in . . . 2023 about Jamira Haines being my stalker on her Facebook page and that she practices witchcraft. Tycoon Weekend 50 Cent a show. Raashawn Casey did a PPP loan house for Jamira Haines. 50 Cent said it's a go. She was a full time student at Reutgers Univ they don't allow you to have a business a full time student. Her business isn't anywhere but online. Curtis Jackson went on their show twice since my book came out each time he talked about something that's in my book to let me know they know about your book no airplay because of me. 50 Cent disease in a video going on. I'm disappointed to be here. When he should have been saying happy or glad. My book is evidence they have to read. 50 Cent even got to my hometown radio station and they have a free book!

(*Id.* at 6.)

Plaintiff claims that she has been placed on "psych holds 3 times," and that, instead of living in her "own apartment," she is living "in someone's living room because 50 Cent Curtis Jackson ran around calling me crazy for the truth no family no friends behind him. I am not crazy! (*Id.*) Plaintiff seeks millions of dollars in damages because Defendants "treated [her] like [she's] nobody." (*Id.*)

Since she filed this complaint, Plaintiff has filed a number of motions and other documents seeking an order of service, to "go to trial," and to "submit evidence." (ECF 5-9.)

## DISCUSSION

### A.     Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

3

"'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Here, Plaintiff invokes the Court's federal question jurisdiction, but nothing in the complaint suggests a viable claim under federal law.

Plaintiff does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction of this action either. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a

4

"reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). Here, Plaintiff alleges that she resides in New Haven, Connecticut, and she provides only employment addresses for Defendants. She does not allege where they reside or their citizenship. Furthermore, because Plaintiff provides no facts explaining why she is seeking millions of dollars in damages, the complaint does not show to a reasonable probability that the amount in controversy meets the statutory jurisdictional amount of $75,000.

The Court therefore dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B.      Plaintiff's claims appear to have no basis in law or fact**

Even if Plaintiff could meet the requirements to establish that the Court has diversity jurisdiction of this action, she has not alleged facts suggesting a plausible claim for relief. Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it presents no arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's assertions – that Curtis Jackson is stalking her and that Defendants are liable for millions of dollars because they

5

had him on their radio show – do not provide any plausible factual support for a viable legal claim and appear to rise to the level of the irrational. *See Livingston*, 141 F.3d at 437; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). Plaintiff has pleaded no factual predicate showing that Defendants have violated her rights. The Court therefore also dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**C.     Leave to amend is denied**

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where . . . the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 577 U.S. 39, 45 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Because Plaintiff's claims are frivolous and amendment would be futile, the Court declines to grant Plaintiff leave to amend her claims.

**D.     Litigation history and warning**

Plaintiff has filed a number of complaints that have been dismissed as frivolous, and she has been warned that she could face a filing injunction if she persists in engaging in meritless litigation. *See, e.g.*, *Dunbar v. Zuckerberg*, No. 25-CV-1960 (LLS) (S.D.N.Y. June 16, 2025)

(dismissing complaint as frivolous); *Dunbar v. ABC World News Network*, No. 25-CV-1959 (LLS) (S.D.N.Y. June 16, 2025)(dismissing complaint as frivolous and issuing warning that a filing injunction under 28 U.S.C. § 1651 could issue); *Dunbar v. Ianuzzi*, No. 24-CV-1358 (D. Conn. May 5, 2025) (dismissing complaint for lack of subject matter jurisdiction and as frivolous), *appeal pending*, No. 25-CV-1486 (2d Cir.); *Dunbar v. Johnson*, No. 25-CV-1957 (LLS) (S.D.N.Y. June 9, 2025) (dismissing complaint as frivolous); *Dunbar v. Jackson*, 24-CV-4491 (LTS) (S.D.N.Y. Sept. 5, 2024) (same), *appeal pending*, No. 24-2690 (2d Cir.). The prior warning issued in No. 25-CV-1959, ECF 7 at 6, remains in effect.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); Fed. R. Civ. P. 12(h)(3).

The Court warns Plaintiff that further vexatious or frivolous litigation in this court may result in an order barring her from filing new actions IFP unless she receives prior permission from the court to file a new action. *See* 28 U.S.C. § 1651.

The Court denies Plaintiff's "Motion to Submit into Evidence" as moot, and the Clerk of Court is directed to terminate it. (ECF 7.)

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: July 1, 2025
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.